LAW OFFICES OF CHRISTOPHER K. JAFARI
CHRISTOPHER K. JAFARI, ESQ., Bar No. 219971
JAMBOREE BUSINESS CENTER
1 PARK PLAZA, SIXTH FLOOR
IRVINE, CA 92614
ChrisJafari@gmail.com
Telephone:   (949) 852-4454
Facsimile:    (949) 852-4453

Attorney for the Plaintiff Home Decor Center

**FILED**

2012 OCT -1  PM 2: 19

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **HOME DECOR CENTER, INC., a California corporation**<br><br>**PLAINTIFF,**<br><br>**V.**<br><br>**GOOGLE, INC., a California corporation; THE HOME DEPOT, INC, a Georgia corporation, AND DOES 1 THROUGH 10, inclusive**<br><br>**DEFENDANTS.** | **Case No. CV-12-05706 GW (SHx)**<br><br>**SECOND AMENDED COMPLAINT**<br><br>**1. FEDERAL COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)**<br>**2. UNFAIR BUSINESS PRACTICES**<br>**3. CONTRIBUTORY TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**<br>**4. VICARIOUS TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT**<br>**5. INTERFERENCE WITH PROSPECTIVE CONTRACTUAL RELATIONS**<br><br>**UNLIMITED CIVIL CASE** |

PLAINTIFF ALLEGES AS FOLLOWS:

## GENERAL ALLEGATIONS

## COMMON TO ALL CAUSES OF ACTION

1.    Plaintiff, HOME DECOR CENTER, INC. ("Plaintiff") is a California corporation,

organized and existing by virtue of the laws of the United States of America and also at

1

all times mentioned here, was and now is authorized to do business in the State of California.

2. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant Google, Inc. ("Defendant Google") was and now is a California corporation, organized and existing by virtue of the laws of the United States of America and also at all times mentioned here, was and now is authorized to do business in the State of California.

3. Plaintiff is informed and believes and thereon alleges that at all times mentioned herein, Defendant The Home Depot, Inc. ("Defendant Home Depot") was and now is a Georgia corporation, organized and existing by virtue of the laws of the United States of America and also at all times mentioned here, was and now is authorized to do business in the State of California.

4. The true names and identities of Defendants DOES 1 through 50 are unknown to Plaintiff, who therefore sues said Defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of said DOE Defendants are liable to Plaintiffs for the acts and conduct alleged herein, and further that each of said DOE Defendants were the agents and/or employees of the other Defendants, and in doing the acts and things complained of herein, did so within the course and scope of such agency and/or employment. Plaintiff will seek leave of Court to amend this Complaint to insert the correct names and capacities of said DOE Defendants when the same have been ascertained by Plaintiff.

**VENUE**

5. This Complaint arises in part under the Lanham Act, 15 U.S.C. § 1125 and 15 U.S.C. § 1114.

**SECOND AMENDED COMPLAINT**

6. This Court has federal question jurisdiction over these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and 1338(b). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims brought in this complaint as to form part of the same case or controversy.

## FACTUAL ALLEGATIONS

### COMMON TO ALL CAUSES OF ACTION

7. Plaintiff Home Decor Center, Inc. is the owner of a valid registered trademark commonly known as "HOME DECOR CENTER" (USPTO Serial Number 85524323), and has been using the mark as early as 2007. Since 2007, the mark has become distinctive of the Plaintiff's goods which include, among other things, floor decor, wall decor, and various other home decor products, and is thus entitled to receiving protection of its mark. (See: Clairol Inc. v. Gillette Co., 389 F.2d 264, 267-68 (2d Cir. 1968); 3 McCarthy on Trademarks and Unfair Competition § 19:36 (4th ed.))

8. Plaintiff Home Decor Center, Inc. is also the owner of the registered domain, "homedecorcenter.com", and, as reflected by the WHOIS internet domain database, has been the owner and has registered this domain since October 26, 2006.

9. Since 2007, Plaintiff Home Decor Center, Inc. through its registered domain name "homedecorcenter.com" has been advertising its mark aggressively to establish its famous name and reputation in the marketplace.

10. Furthermore, Plaintiff Home Decor Center, Inc. has also been performing at its utmost and expending its valuable resources to build its famous name and reputation in the marketplace.

11. Plaintiff's customers and potential customers would find Plaintiff's website, "HomeDecorCenter.com" through Defendant Google's search engine for "Home Decor Center".

12. It should be noted that Plaintiff retained the services of Defendant Google through its Google "Ad Words" (pay-per-click) program in which the Plaintiff paid certain moneys to the Defendant Google for its HomeDecorCenter.com website to be more accessible to consumers who use Google's search engine to search for the Plaintiff's website and products.

13. Ad Words is Google's program through which advertisers purchase terms (or keywords). When entered as a search term, the keyword triggers the appearance of the advertiser's ad and link. An advertiser's purchase of a particular term causes the advertiser's ad and link to be displayed on the user's screen whenever a searcher launches a Google search based on the purchased search term. Advertisers, including the Plaintiff Home Decor Center, pay Google based on the number of times Internet users 'click' on the advertisement, so as to link to the advertiser's website.

14. On or about September of 2011, Plaintiff experienced a drastic decline in its online and in-store traffic and sales, in addition to the number of clicks to its website through Defendant Google's search engine. Plaintiff's sales traffic decreased by as much as 60%.

15. On or about September of 2011, Plaintiff was also experiencing a high volume of customer complaints regarding their purchases; such as damaged items, failure of delivering orders, and failure to ship orders in a timely manner. To this date, Plaintiff continues to receive the above-mentioned complaints from its customers.

16. When Plaintiff inquired as to which website the complaining customers completed their orders on, the customers clearly stated "HomeDecorators.com." A primary and reoccurring complaint by Plaintiff's customers is that they cannot find Plaintiff's store location through HomeDecorators.com, which is a website owned by Defendant Home Depot, Inc.

17. Because of these issues, Plaintiff investigated the matter and on January 17 2012, the investigation revealed that when a consumer on a personal computer or mobile device entered "Home Decor Center" and "HomeDecorCenter.com" in Defendant Google's search engine or in the address bar of a web browser supported by Defendant Google, the search would result in a top-of-the-page advertisement which clearly stated "HomeDecorcenter.com", but when clicked, it would actually forward the consumer to Defendant Home Depot's "HomeDecorators.com" page. Attached and incorporated herein as **"Exhibit "A"** are true and correct copies of numerous search query results through Google's search engine with the so-called "HomeDecorCenter.com" Ad Word advertisement which were misleading the Plaintiff's customers to Defendant Home Depot's "HomeDecrators.com" website.

18. Moreover, in the above infringing advertisement for HomeDecorators.com, the advertisement claims to be related to Home Decor Center in that they falsely misrepresent "Ad for HomeDecorCenter.com."

19. Even if an internet user attempts to visit Home Decor Center's website directly, by typing a website address such as "www.homedecorcenter.com" into their internet browser, the internet user's browser may be designed to display Google's results to the said user instead of taking the user directly to Home Decor Center's website. These results occur on both personal computers and mobile devices.

20. As a result of this improper and misleading advertisement, Plaintiff's customer traffic was misdirected and mislead to HomeDecorators.com, a website owned by Defendant Home Depot, Inc. Not only were consumers ultimately misdirected, but influential designers were misdirected as well. The above actions of the Defendants have proven to be extremely detrimental to the Plaintiff.

21. In addition to Plaintiffs' drastic decline of online sales, this improper advertising has harmed Plaintiff's reputation in the marketplace. Customers are led to believe that they received substandard service from Plaintiff, when they actually had their bad experiences with HomeDecorators.com, a website owned by Defendant Home Depot, Inc.

22. Also, due to Plaintiff's customers being misdirected by Defendant Google's search engine and Ad Words to HomeDecorators.com, owned by Defendant Home Depot, Inc., Plaintiff has had to and continues to have to constantly make price adjustments and grant refunds to maintain relationships and protect its reputation.

23. It should be noted that while generally under 47 U.S.C.A. § 230 Defendant Google does not owe a duty to protect the infringing use of the Plaintiff's trademark or related domain name in the results of its search queries since such results were merely provided by another source, Defendant Google's Ad Words advertisements, including the infringing advertisement set forth above, are not immune from such protection since these advertisements 1.) generate profits for Defendant Google for each time the advertisements are clicked and 2.) the content of all of the advertisements are individually created and authorized by Defendant Google's employees and/or agents who worked jointly with Defendant The Home Depot, Inc.. (See also: Rescuecom Corp. v. Google Inc., 562 F.3d 123 (2d Cir. 2009)

24. As to Defendant Google's involvement in the creation of the content of the infringing advertisements, Google assigned its own employees to the Google AdWords account for Home Depot/Home Decorators Collection, to individually create the content of, market and approve these ads.

25. Plaintiff is informed and believes that Defendant Google through its own employees, is directly involved in working jointly with the Defendant Home Depot through its own officers, agents, and/or employees in the creation and/or development of the content of these infringing advertisements.

26. The policy pertaining to the individual authorizations by Google of each of the Ad Words advertisements is expressly outlined and states that "All AdWords ads go through an approval process to make sure they're safe and appropriate for users. <u>We review each ad to see if it complies with our advertising policies.</u>"  Such "advertising policies" include making sure the advertisements are "Accurate" in which Defendant Google expressly represents, "Advertising can be informative, entertaining, metaphorical, or even tell a story. <u>However, any factual claims and offers should always be credible and accurate. Misleading, inaccurate, and deceitful ads hurt everyone – users, publishers, developers, and advertisers.</u>"  Attached and incorporated herein as **Exhibit "B"** is a true and correct copy of the Defendant Google's policy that sets forth its authorization requirements for each advertisement it individually authorizes prior to being posted.

27. However, as set forth above, Defendant Google jointly with Defendant Home Depot instead willfully and intentionally chose to create the content and authorize the very harmful and misleading advertisements which clearly stated "HomeDecorCenter.com"

and "Ad for HomeDecorCenter.com" when such advertisements deceitfully misled the Plaintiff's customers to the Defendant Home Depot's "HomeDecorators.com" website.

28. On January 26th, 2012 the Plaintiff through its attorney sent a cease and desist letter via certified mail to Defendant Google, Inc.

29. Thereafter, on February 13, 2012, the Plaintiff through its attorney sent a cease and desist letter **via certified mail** to Home Decorators Collection, acting on behalf of Defendant Home Depot.

30. The cease and desist letters provided notice to both Defendants that the Plaintiff was the owner of the Home Decor Center mark in addition to the HomeDecorCenter.com domain name, and that its customers were being misled to believe that the Defendant Home Depot's website was the Plaintiff's website. The cease and desist letters requested the Defendants to cease from causing further confusion to the Plaintiff's customers.  True and correct copies of the cease and desist letters with proof of certified mailing are attached and incorporated herein as **Exhibit "C."**

31. Despite such expressed written notice to cease and desist from such infringements and unfair business practices, the Defendants refused to and continue to refuse to cease and desist from the above-mentioned wrongful conduct, causing substantial harm to the Plaintiff's business and its reputation.


### FIRST CAUSE OF ACTION
### For Federal Common Law Trademark Infringement
### and Unfair Competition Under 15 U.S.C. §1125(a)
**(Against All Named and DOES Defendants)**

32. Plaintiff incorporates herein by reference the allegations of paragraphs 1-31 *supra* as though fully set forth herein.

33. State courts have concurrent jurisdiction over Federal Trademark claims pursuant to 28 U.S.C. § 1338(a), providing this court with subject matter jurisdiction over the trademark claims alleged herein.

34. The Plaintiff's common law "Home Decor Center" trademark, as described above, has been extensively used, advertised, and promoted through the United States and the world in connection with the Plaintiff's home decor products as identified above.

35. Plaintiff Home Decor Center, Inc. is also the owner of the registered domain which is related to its mark, "homedecorcenter.com", and, as reflected by the WHOIS internet domain database, has registered this domain since October 26, 2006.

36. The Plaintiff's common law trademark is inherently distinctive. As a result of the Plaintiff's use, advertisement and promotion of its common law trademark, the trademark has become well and favorably known throughout the United States and the world as identifying the Plaintiff and its products. The Plaintiff has developed exceedingly valuable goodwill with respect to its common law trademark.

37. The essence of Plaintiff's business is its developed and exceedingly goodwill reputation which it has generated by marketing its products and services and building customer confidence.

38. Plaintiff's website, HomeDecorCenter.com is established within the marketplace and is a primary contributing factor in distinguishing its product offers apart from others. As reflected by the Plaintiff's registered trademark, Plaintiff has been using its mark since 2007, with the HomeDecorCenter.com domain name being registered by the Plaintiff since October 26, 2006.

39. The Defendant Home Depot and the Defendant Google have jointly through the authorization and use of Defendant Google's search engine and Ad Word advertising

program have, together in conjunction willfully and intentionally misled and/or confused the Plaintiff's customers into believing that the search result advertisement that was titled "HomeDecorCenter.com" (**Exhibit "A"**) was in fact what it represented itself to be when in truth and in fact, the advertisement was forwarding the Plaintiff's customers to Defendant Home Depot's "HomeDecorators.com" website through Defendant Google and Home Depot's willful and intentionally misleading Ad Word link.

40. The Defendants have knowingly, willfully and intentionally created, imported, advertised, promoted, displayed, and offered for sale and/or sold Defendant Home Depot's home decor products online and on the internet at the website "HomeDecorators.com" after the Plaintiff's customers were misled to this website by clicking on the subject advertisement which in turn generated profits for Defendant Google for each time the advertisement was clicked.

41. The Defendants' use of the Plaintiff's common law trademark on the infringing advertisement has caused confusion in the market and is likely to cause further confusion amongst members of the relevant public and trade, i.e., to believe that Defendant Home Depot's products are provided by or in affiliation with or under the sponsorship or approval of the Plaintiff.

42. The Defendants had willfully selected, adopted and/or used the Plaintiff's common law trademark on their infringing advertisement with knowledge of the Plaintiff's valuable goodwill and business reputation association therewith, and with intent to confuse, mislead, and deceive the public into believing the infringing advertisement came from or is owned by the Plaintiff or is in some manner associated, approved, sponsored or endorsed by the Plaintiff.

43. The confusion, mistake or deception referred to the above arises out of acts alleged above which constitute common law trademark infringement and false designation of origin as that phrase is used in 15 U.S.C. § 1125(a).

44. By engaging in the acts described above, Defendant Home Depot, through the assistance and authorization of Defendant Google through its Ad Words advertisements, has unfairly competed with Plaintiff. Defendants' unauthorized and willful use of Plaintiff's registered trademark in connection with their advertising programs constitutes unfair competition in violation of the Lanham Act, 15 U.S.C. § 1114 and 1125(a).

45. Under section 43(a) of 15 U.S.C. 1125(a):

> [a]ny person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol or device … or any false designation of original, false or misleading description of fact, or false or misreading representation of fact which … is likely to deceive as to the affiliation, connection or association of such person with another person, or as to origin, sponsorship or approval of his or her goods, services, or commercial activities by another person … shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

46. By way of example, Plaintiff alleges on information and belief that Defendants have caused a dilution of Plaintiff's business reputation and trademark. Defendants, through false representations and false advertising, confused and upset customers by misleading them to purchase products from a different company and failed to receive the same level of service, while profiting from the use of the Plaintiff's distinctive mark by misrepresenting that the Defendant Home Depot's website is in fact the Plaintiff's official website.

47. While Defendant Home Depot has profited from misleading the Plaintiff's customers to its website, the Defendant Google earned profits from clicks on the misleading "Home

11

Decor Center" advertisements to which it created the content jointly with Home Depot and individually authorized.

48. Furthermore, the deceptive conduct of Defendants Google, Inc. and The Home Depot, Inc. have damaged Plaintiff's reputation and customer confidence, resulting in damages.

49. Passing Off under the Lanham Act protects the indications of where the product comes from. Defendants violated this by misleading consumers to believe they were purchasing products from Plaintiff.

50. Defendants' acts of unfair competition, false designation of origin, passing off and false advertising are willful, deliberate and fraudulent, and without extenuating circumstances, and with an intent to reap the benefit of the Plaintiff's name, goodwill and reputation.

51. Unless restrained by this Court, the Defendants will continue to infringe the Plaintiff's common law trademark through its infringing advertisement.

52. Defendant's trademark infringing acts of unfair competition, false designation of origin, passing off and false advertising have caused irreparable injury to Plaintiff's goodwill and reputation in an amount that cannot be ascertained at this time and, unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

53. Plaintiff is further informed and believes and thereon alleges that each of the acts of Defendants mentioned herein were intentional, malicious, and made with reckless disregard for the financial condition of Plaintiff, and were made with the express intent of depriving Plaintiff of monies and assets, and consequently such conduct warrants the award of punitive and exemplary damages in an amount to be proven at trial.

54. By reason of the foregoing, the Plaintiff is entitled to injunctive relief against the Defendants, permanently restraining further acts of trademark infringement, unfair competition, false designations of origin, passing off and false advertising and to recover any damages proven to have been caused by reason of Defendants' aforesaid acts of trademark infringement, unfair competition, false designations of origin, passing off and false advertising, in an amount to be proven at trial, together with all other remedies available under the Lanham Act, including, but not limited to, treble damages, disgorgement of profits, and costs and attorney's fees.

## SECOND CAUSE OF ACTION
## For Unfair Business Practices

**(Against All Named and DOES Defendants)**

55. Plaintiff incorporates herein by reference the allegations of paragraphs 1-54 *supra* as though fully set forth herein.

56. The California Business and Professions Code, Sections 17200 eq. set. makes it unlawful and illegal for any person or entity to engage in unlawful, unfair or fraudulent practices or do any act which is in furtherance of a fraudulent or deceitful tactic.

57. Defendants have violated the law and utilized unfair business practices in willfully and intentionally creating the content of and posting online advertisements through Google's search engine and Ad Words program which state "HomeDecorCenter.com" when this advertisement forwarded consumers to the Defendant Home Depot's "HomeDecorators.com" website.

58. Such misrepresentations of Plaintiff's official website were misleading Plaintiff's customers and potential customers, causing serious harm to Plaintiff's business and reputation.

59. While the Defendant Home Depot was generating profits from diverting the Plaintiff's customers to its website, the Defendant Google was generating profits from clicks on these advertisements while furthermore supporting such violations by continuing to jointly create the content of and authorize these advertisements despite both Defendants being put on notice through a letter to cease and desist.

60. As a proximate result of these violations, Plaintiff has suffered damages in an amount to be proven at trial, but in any event above the jurisdiction minimum of this court.

61. As a further proximate result of these violations, Plaintiff is suffering and will suffer irreparable harm, for which there is no adequate remedy at law, and is therefore entitled to equitable and injunctive relief.


**THIRD CAUSE OF ACTION**

**Contributory Trademark Infringement Under the Lanham Act**

**(Against Defendant Google, Inc. and DOES Defendants)**

62. Plaintiff incorporates herein by reference the allegations of paragraph 1-61 *supra* as though fully set forth herein.

63. Google intentionally and willfully induced third-party advertisers to infringe on Plaintiff's trademark and its related domain name and Google has actual or constructive knowledge that its advertising programs were and are being used to infringe Plaintiff's trademark and related domain name.

64. With full knowledge and willful disregard of Plaintiff's rights in the trademark and related domain name, Google sold the rights to use Plaintiff's trademark in advertisements to Defendant Home Depot through its advertising programs. In fact, Google generates profits for each click made on the infringing advertisement.

65. Defendant Google has actual or constructive knowledge that its advertising programs cause online consumers to visit websites unaffiliated with Plaintiff's and owned by Defendant Home Depot, even when shoppers were attempting to locate Plaintiff's website by typing the Plaintiff's mark in its search engine. Such knowledge is further supported by the fact that Defendant Google had its own employees work directly with Defendant Home Depot in creating the content of the infringing advertisements.

66. Defendant Google's conduct is likely to cause confusion, mistake and deception as to whether Plaintiff is the source of, or is sponsoring or affiliated with, the products and services offered on Defendant Home Depot's HomeDecorators.com website.

67. Through its sale of Plaintiff's trademarks to be used in Defendant Home Depot's advertisements through Defendant Google, Defendant Google through its employees provided Defendant Home Depot with aid and materially contributed to Defendant Home Depot's violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

68. Defendant Google is therefore contributory liable for the infringing use of Plaintiff's trademark and its related domain name by Defendant Home Depot.

69. Plaintiff has been and, absent injunctive relief, will continue to be irreparably harmed by Google's actions.

70. Plaintiff has no adequate remedy at law for the forgoing wrongful conduct.

71. Defendant Google's contributory infringement has also damaged Plaintiff in an amount to be determined at trial.

///

///

///

///

SECOND AMENDED COMPLAINT

# FOURTH CAUSE OF ACTION

## Vicarious Trademark Infringement Under the Lanham Act

### (Against Defendant Google, Inc. and DOES Defendants)

72. Plaintiff incorporates herein by reference the allegations of paragraph 1-71 *supra* as though fully set forth herein.

73. Defendant Google has the right, ability and obligation to control the use of Plaintiff's trademark and the destination of related website links it makes profits from in its advertisements and advertising programs that were utilized by Defendant Home Depot.

74. Defendant Home Depot's use of Plaintiff's trademarks in Defendant Google's advertisements and in the context of Defendant Google's advertising programs, is likely to, and evidently has been causing confusion among consumers and constitutes infringement of Plaintiff's rights in its trademark and related domain name.

75. Defendant Google receives a direct financial benefit from Defendant Home Depot's infringing use of Plaintiff's trademark and related domain name whenever each of the Plaintiff's customers had, through the misleading and infringing "HomeDecorCenter.com" advertisement, clicked the link and found themselves deceived into believing that they were at a website owned by, supported by, or otherwise affiliated with the Plaintiff.

76. Defendant Google is vicariously liable for the infringing use of Plaintiff's trademark and related domain name by Defendant Home Depot.

77. Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Defendant Google's actions.

78. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.

79. Defendant Google's vicarious infringement has damaged Plaintiff in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### Interference with Prospective Contractual Relations

**(Against All Named and DOES Defendants)**

80. Plaintiff incorporates herein by reference the allegations of paragraph 1-79 *supra* as though fully set forth herein.

81. Plaintiff derives much of its revenues from the online sales of its home decoration products and accessories to potential consumers.

82. Plaintiff has prospective contractual relationships with its consumers that use Google as a search engine.

83. As a result of Defendant Home Depot and Defendant Google's actions, including the joint creation of the content of the infringing advertisements and authorizing them individually, these consumers, for a substantial period of time, saw Ad Words advertisements for Defendant Home Depot's company and website, Homedecorators.com, disguised under Plaintiff Home Decor Center's trademark and domain name "HomeDecorCenter.com."

84. As a result of Defendant Home Depot and Defendant Google's conduct, Plaintiff has been, and absent injunctive relief will continue to be, irreparably harmed by Google's actions.

85. Plaintiff has no adequate remedy at law for the foregoing wrongful conduct.

86. Defendant Home Depot and Defendant Google's intentional interference with prospective contractual relations has damaged Plaintiff in an amount to be determined at trial.

87. Furthermore, in order to prevent further irreparable loss to Plaintiff's interests, Plaintiff is entitled to injunctive relief, including but not limited to, temporary restraining order, preliminary and/or permanent injunction pursuant to Code of Civil Procedure §§ 525-527 and Civil Code § 3422(1)

WHEREFORE, Plaintiff prays for Judgment against the Defendants as follows:

1.  For general damages in an amount to be proven at trial;

2.  For consequential damages subject to proof at trial;

3.  For loss of earnings and lost profits including a disgorgement of profits earned by the Defendants;

4.  For costs of suit incurred herein;

5.  For punitive and exemplary damages subject to proof at trial;

6.  All attorney fees as allowed under the statute;

7.  A temporary restraining order and permanent injunctive order to prevent Defendants from such wrongful conduct.

8.  For such other and further relief as the court deems proper;

Dated September 28, 2012

Respectfully Submitted:
Law Offices of Christopher K. Jafari

Christopher K. Jafari, Esq.
Attorney for Plaintiff Home Decor Center, Inc.

18

# EXHIBIT "A"





















Webmail Login | Roundcube Webmail :: Inbox | UMA Enterprises Inc. -Detail product ... | homedecorcenter.com - Google Sear...

google.com homedecorcenter.com

Home Decor Center | Dashboard | Authorize.Net | Business Center | HDCemail | DesignsEMAIL | UMAweb | UMAproduct | Seller Central | Uttermost | OW | Feizy | Momeni | Bookmarks

+You Search Images Maps Play YouTube News Gmail Documents Calendar More

Google homedecorcenter.com

Search

Everything
Images
Maps
Videos
News
Shopping
More

Santa Ana, CA
Change location

Show search tools

Ad for homedecorcenter.com Why this ad?

**Homedecorcenter.com | HomeDecorators.com**
www.homedecorators.com 538 seller reviews
Official HomeDecorators® Collection Site. Low-Price Guaranteed - Daily!
Outdoor Space Event | Dining Furniture Sale
4-Day Sale | Spring Decor | Free Shipping On Lamps

**Home Decor Center**
www.homedecorcenter.com
**Home Decor Center** offers affordable home decor, discount area rugs, cheap wall decor, home accessories, contemporary area rugs, mirrors at wholesale ...

Wall Decor
Find the perfect Wall Decor for your home wall decorations at ...

Paintings & Prints
Paintings & Prints > Our abstract canvas painting gallery ...

Area Rugs
Over 14000 Area Rugs in all sizes & shapes. Contemporary area ...

Lighting & Fixtures
Brighten up your homes with our stylish yet affordable lighting ...

Mirrors
Shop our Large Wall Mirrors selection and discount wall ...

Ceramic Vases
We offer decorative ceramic vases, antique ceramic vases, Oriental ...

More results from homedecorcenter.com »

**Home Decore Center**
www.homedecorcenter.com.kh/
**Home Decor Center** Co., Ltd. is locating at Building #155, Street Mao Tse Toung Blvd, Sangkat Toul Svay Prey I, Khan Chamkarmon, Phnom Penh, Cambodia

**homedecorcenter.com**
www.houzz.com/pro/homedecorcenter/homedecorcentercom
**homedecorcenter.com**. Recommend this professional ». Website: www. **homedecorcenter.com**. Share: Show 0 more Projects. Projects (1). Recent Activity ...

**Wynn | Wall Mirrors | Wood Tone Mirrors - eclectic - mirrors - - by ...**
www.houzz.com/photos/194064

homedecorcenter - Google Search
google.com
homedecorcenter
homedecorcenter
SEARCH
+You Search Images Maps Play YouTube News Gmail Documents Calendar More
homedecorcenter
Search
Why this ad?
Homedecorcenter - Official HomeDecorators® Collection Site.
538 seller reviews
Low-Price Guaranteed - Daily!
Outdoor Space Event
4-Day Sale Spring Decor
Dining Furniture Sale
Free Shipping On Lamps
Images
Maps
Videos
News
Shopping
More
Home Decor Center
www.homedecorcenter.com
Home Decor Center offers affordable home decor discount area rugs cheap wall decor home accessories contemporary area rugs mirrors at wholesale ...
2 Google reviews
Santa Ana, CA
Change location
17120 South Figueroa Street Gardena CA 90248
(310) 324-1200
Show search tools
Wall Decor
Find the perfect Wall Decor for your home wall decorations at ...
Paintings & Prints
Paintings & Prints > Our abstract canvas painting gallery ...
Mirrors
Shop our Large Wall Mirrors selection and discount wall ...
Lighting & Fixtures
Brighten up your homes with our stylish yet affordable lighting ...
Area Rugs
Ceramic Vases
Home Decor Center
Directions
©2012 Google
Map data ©2012 Google
Details
At a glance oriental rugs - area rug
Hours Mon-Fri 9:30am–5pm
Sat-Sun 10am–5pm
Transit Albertoni / Broadway
More reviews
12:42 PM

Firefox | homedecorcenter.com - Google Search

www.google.com/search?q=homedecorcenter&ie=utf-8&oe=utf-8&aq=t&rls=org.mozilla:en-US:official | homedecorcenter

homedecorcenter | SEARCH

+You Search Images Maps YouTube News Gmail Documents Calendar More

Google | homedecorcenter.com | Sign in

Search | About 248,000 results (0.11 seconds)

Everything
Images
Maps
Videos
News
Shopping
More

Santa Ana, CA
Change location

Show search tools

Ad - Why this ad?

**Homedecorcenter.com | HomeDecorators.com**
www.homedecorators.com/ - ★★★★☆ 474 seller reviews
Official HomeDecorators® Collection Site. Low-Price Guaranteed - Daily!

20% Off All Area Rugs | Free Shipping On Lamps
20% Off Upholstered Seating | Free Shipping, Custom Art
Leap Sale: 15% Off+ Free Ship | New Furnishing Collections

**Home Decor Center**
www.homedecorcenter.com/
**Home Decor Center** offers affordable home decor, discount area rugs, cheap wall decor, home accessories, contemporary area rugs, mirrors at wholesale ...

Wall Decor
Find the perfect Wall Decor for your home wall decorations at ...

Traditional
Offers traditional wall mirrors, antique mirrors, wall accents ...

Mirrors
Shop our Large Wall Mirrors selection and discount wall ...

FAQs
To get a shipping quote, you can send an email to sales ...

Area Rugs
Over 14000 Area Rugs in all sizes & shapes. Contemporary area ...

Ceramic Vases
We offer decorative ceramic vases, antique ceramic vases, Oriental ...

More results from homedecorcenter.com »

10:45 AM
2/28/2012

homedecorcenter.com - Google Search - Windows Internet Explorer

https://www.google.com/search?q=homedecorcenter.com&sourceid=ie7&rls=com.microsoft:e

File Edit View Favorites Tools Help

Favorites | Magento Admin | Home Decor Discount H... | cPanel® 11 | Seller Central | Business Center | Authorize.Net | Results hdcDB

UMA En... | Madera ... | Nouriso... | Orders /... | ELGA W... | BOTNE ... | hom... | Page ▾ Safety ▾ Tools ▾

+You **Search** Images Maps YouTube News Mail Documents Calendar More ▾

Google homedecorcenter.com robert@homedecorcenter.com

Search About 266,000 results (0.08 seconds)

Everything
Images
Maps
Videos
News
Shopping
More

Santa Ana, CA
Change location

Show search tools

Ad - Why this ad?

**Homedecorcenter.com | HomeDecorators.com**
www.homedecorators.com/ - ★★★★★ 528 seller reviews
Official HomeDecorators® Collection Site. Low-Price Guaranteed - Daily!

Home Office Ships Free | Bookcases Ship Free
Free Rug With Purchase | Free Shipping On Lamps

**Home Decor Center**
www.**homedecorcenter.com**/
**Home Decor Center** offers affordable home decor, discount area rugs, cheap wall decor, home accessories, contemporary area rugs, mirrors at wholesale ...
You've visited this page 15 times. Last visit: 1/30/11

Wall Decor
Find the perfect Wall Decor for your home wall decorations at ...

Oversized
Installing an oversized wall mirror is a great way of giving your ...

Mirrors
Shop our Large Wall Mirrors selection and discount wall ...

Hand Knotted Rugs
Handmade knotted area rugs, quality Persian rugs at discount ...

Done | Internet | Protected Mode: On | 100%

11:22 AM 3/25/2012

http://www.google.com/search?tbm=plcs&source=mog&hl=e www.homedecorcenter.co...

File Edit View Favorites Tools Help

Magento Admin | Home Decor Discount H... | cPanel® 11 | Seller Central | Business Center | UMA Enterprises Inc | Authorize.Net | Results hdcDB

+You **Search** Images Maps Play YouTube News Gmail Documents Calendar More -

Google www.homedecorcenter.com Sign in

Search

About 0 results (0.12 seconds)

Everything
Images
Maps
Videos
News
Shopping
Places
More

Santa Ana, CA
Change location

Ads

**Homedecorcenter.com** *
www.homedecorators.com/
Official Home Decorators® Website - Stylish Furniture & Room Accents!

Designer Home Decor Sale
www.onekingslane.com/
Up To 70% Off Exclusive Designer Home Goods. Become a Member Today!

**Home Decor Center**
furniture.beso.com/
Discover **Home Decor Center** up to 80% Off. Top Styles, Brands.

Your search - **www.homedecorcenter.com** - did not match any place results.

**Home Decor Center**
www.homedecorcenter.com/
**Home Decor Center** offers affordable home decor, discount area rugs, cheap wall decor, home accessories, contemporary area rugs, mirrors at wholesale ...

Home Decore Center
www.homedecorcenter.com.kh/
**Home Decor Center** Co., Ltd. is locating at Building #155, Street Mao Tse Toung

Ads

**Home Decor Center**
www.shopzilla.com/
Bargain Prices. Smart Deals.
Deals on **Home Decor Center**!

**Home Decor Center** Cheap
www.nextag.com/
Best Value for **Home Decor Center**.
Find NexTag Sellers' Lowest Price!

**www.homedecorcenter.com**
www.top-furniture-shopping.com/
Wholesale Furniture, Deals,
Furniture Store Reviews, and more.

See your ad here »

100%

10:17 AM

home decor center - Google Search - Windows Internet Explorer
http://www.google.com/search?q=home+decor+center&sourceid=ie7&rls=com.microsoft:en-us:IE-S
home decor center
File Edit View Favorites Tools Help
Norton
Favorites Magento Admin Home Decor Discount H... cPanel® 11 Seller Central Business Center Results hdcDB Log In_Categories
Import Pro... (6) Round... Home Dec... Business C... GE Capital home ...
Page Safety Tools
+You Search Images Videos Maps News Shopping Gmail More
Sign in
Google
home decor center
Search
About 11,200,000 results (0.27 seconds)
Everything
Images
Maps
Videos
News
Shopping
More
Santa Ana, CA
Change location
All results
Sites with images
Related searches
Ad - Why this ad?
Homedecorcenter - Official HomeDecorators® Collection Site.
www.homedecorators.com - 470 seller reviews
Low-Price Guaranteed - Daily!
20% Off All Area Rugs - 20% Off Upholstered Seating - Free Shipping On Lamps
Home Decor Center
www.homedecorcenter.com/
Home Decor Center offers affordable home decor, discount area rugs, cheap wall decor, home accessories, contemporary area rugs, mirrors at wholesale ...
4 Google reviews
17120 South Figueroa Street Gardena, CA 90248
(310) 324-1200
Wall Decor
Find the perfect Wall Decor for your home wall decorations at ...
Southwestern Rugs
Home Decor Center offers a large selection of southwestern rugs ...
Area Rugs
Over 14000 Area Rugs in all sizes &
Contact Us
We'd like to hear about any
Home Decor Center - Directions
Harbor Fwy
S Figueroa St
W 172nd St
W Walnut St
©2012 Google
Map data ©2012 Google
Details
At a glance: area rugs - designer quality - oriental rugs
Done
Internet | Protected Mode: On
100%
10:57 AM
2/17/2012

home decor center - Google Maps - Windows Internet Explorer
http://maps.google.com/
home decor center
File Edit View Favorites Tools Help
Favorites Magento Admin Home Decor Discount H... cPanel® 11 Seller Central Business Center Authorize.Net Results hdcDB
Export Pro... Home Dec... Manage O... home ... Facebook Home Dec...
Page Safety Tools
+You Search Images Maps Play YouTube News Gmail Documents Calendar More
Google
home decor center
Sign in
Get directions My places
home decor center
Ads - Why these ads?
Home Decorators® Website
Shop Official Home Decorators - Stylish Furniture & Room Accents!
www.homedecorators.com/
HomeGoods Openhouse Blog
Home Experts Who Make Decorating on A Budget Fun.
www.homegoods.com/
Home Decor Center
17120 South Figueroa Street, Gardena, CA
(310) 324-1200 - homedecorcenter.com
2 reviews
oriental rugs - area rug
"Excellent customer service. Great showroom! Would definitely recommend <3" -
Edson Decor Center Inc
4303 2 Ave, Edson, AB T7E 1W7, Canada
Home Decor Center
17120 South Figueroa Street
Gardena, CA 90248
(310) 324-1200
homedecorcenter.com
Rate it 2 reviews
Directions Show service area Save to map more
Homedecorcenter
Official HomeDecorators® Collection Site. Low-Price Guaranteed - Daily!
www.homedecorators.com/
Ad
Satellite
Traffic
Canada
Manitoba
Ontario
Winnipeg
Minnesota
Wisconsin
Michigan
Iowa
Nebraska
Illinois
Indiana
United States
Colorado
Kansas
Missouri
Kentucky
Utah
California
Oklahoma
Tennessee
Arkansas
Arizona
New Mexico
Mississippi
Alabama
Texas
500 mi
500 km
Done
Internet | Protected Mode: On
100%
11:16 AM
4/3/2012

http://www.google.com/search?tbm=plcs&source=mog&hl=e | homedecorcenter - Google ...

File Edit View Favorites Tools Help

Magento Admin | Home Decor Discount H... | cPanel® 11 | Seller Central | Business Center | UMA Enterprises Inc | Authorize.Net | Results hdcDB

+You **Search** Images Maps Play YouTube News Gmail Documents Calendar More

Google homedecorcenter | Sign in

Search

About 3 results (0.27 seconds)

Everything
Images
Maps
Videos
News
Shopping
Places
More

Santa Ana, CA
Change location

Ads

**Homedecorcenter**
www.homedecorators.com/
Official Home Decorators® Website - Stylish Furniture & Room Accents!

Center Decor Home
www.target.com/FreeShipping
Find Center Decor Home Online. Free Shipping $50 on 100,000 Items!

Designer Home Decor Sale
www.onekingslane.com/
Up To 70% Off Exclusive Designer Home Goods. Become a Member Today!

**Home Decor Center**
www.homedecorcenter.com/
**Home Decor Center** offers affordable home decor, discount area rugs, cheap wall decor, home ...
2 Google reviews

(A) 17120 South Figueroa Street
Gardena
(310) 324-1200

Win Supply Co
www.winsupply.net/
Plumbing. Mailboxes. Hardware. Doors-Moulding. 3120 E Garvey Ave South. West Covina CA ...
1 Google review

(B) 3120 E Garvey Avenue South
West Covina
(626) 966-8318

Map for **homedecorcenter**

Ads

**Home Decor Center**
furniture.beso.com/
Discover **Home Decor Center** up to 80% Off. Top Styles, Brands.

**Home Decor Center**
www.become.com/Home_Garden
Find Deals Today!
Search, Shop and Save at Become.

**Home Decor Center**

100%

10:17 AM

# EXHIBIT "B"



## About the ad approval process



All AdWords ads go through an approval process to make sure they're safe and appropriate for users. We review each ad to see if it complies with our advertising policies. If we find any issues, we'll notify you with information about the policy and what you can do to get your ad approved.

## How to submit ads for approval

Whenever you create a new ad or make changes to an existing ad, your ad automatically gets submitted to us for review.

## How long it takes

We strive to review all ads as quickly as possible, usually **within three business days**. If you've been waiting for your ads to be reviewed for more than three business days, please contact us.

### Tip

Because it can take a few days to get your ad approved, you might find it helpful to create your ad a few days in advance and then pause it. Then when you're ready for your ad to go live a few days later, just unpause it. Learn how to pause or resume your ad.

## What we review



When reviewing your ads, we look at several elements of your campaign, including your campaign settings, keywords, and websites. We look at both the formatting (what your ad looks like), as well as the content (what you're advertising).

If we find anything that doesn't follow our policies, we'll mark your ad or keyword and send you an email with information about that policy. You'll also get an alert in your account pages informing you about the disapproval. For example, if we find an ad that points to a website that's not working, we'll mark that ad as "Disapproved" and send you an email explaining why we disapproved the ad.

## Approval statuses

During the approval process, your ads will be given one of the following approval statuses:

- Under review
- Eligible
- Approved
- Approved (non-family)
- Approved (adult)
- Approved (limited)
- Disapproved
- Site suspended



# Accurate Ads



*Advertising should be accurate and truthful.*

Advertising can be informative, entertaining, metaphorical, or even tell a story. However, any factual claims and offers should always be credible and accurate. Misleading, inaccurate, and deceitful ads hurt everyone – users, publishers, developers, and advertisers. To ensure the ads we show are accurate and safe, we've developed the following advertising policies around accurate ads:

## Relevance, Clarity, and Accuracy

Advertiser claims

Relevance, clarity, and accuracy

Social interaction incentives

EXHIBIT "C"

January 26, 2012

GOOGLE
1600 Amphitheatre Parkway
Mountain View CA 94043

RE: Copyright / Trademark Infringement
     Our Client: Home Décor Center.com / Home Décor Center
     Trade Mark Application No 85524323

To Whom it may concern:

Please be advised that I represent Home Décor Center in regards to their intellectual Property Matters.

My Client captioned above, is the owner of the mark and name Home Décor Center,com. This expression is proprietary both under Common Law, and is the subject of the U.S Trademark Application No 85524323.

It has recently come to our attention that when their customers perform a search on your Google Search engine under their company's name Home Décor Center.com and Home Décor Center, another company by the name of HomeDecorators.com appears next to their name, and the users are then directed to that site instead. Please see attached a copy of the search results for Home Décor Center.com.

This direction of traffic and name confusion on your site is in violation of Trademark and may expose Google to liability under a civil conspiracy theory. My client will be entitled to the costs of the action under 15 U.S.C Section 1117(a) and under Common Law and 15 U.S.C. Section 1125(a).

We hope that this use of the domain name, our client's trademark is a misunderstanding and that you immediately cease any further confusion in your search engine.

If I do not receive written assurances from Google within the next 10 days that this issue has been resolved, my client will vigorously pursue any and all legal remedies available, and any and all remedies under federal or state laws.

Very truly yours,

Christopher K Jafari
Attorney at Law

# Law Offices of Christopher K. Jafari

One Park Plaza, Suite 600, Irvine, CA 92614
Phone: (949) 852-4454 • Fax: (949) 852-4453 • Email: chrisjafari@gmail.com

February 13th 2012

Home Decorators Collection
c/o Customer Service
8920 Pershall Road
Hazelwood, MO 63042

RE: Copyright / Trademark Infringement
    Our Client: Home Décor Center.com / Home Décor Center
    Trade Mark Application No 85524323

To Whom it may concern:

      Please be advised that I represent Home Décor Center in regards to their intellectual Property Matters. This is my second notice regarding this issue to your company.

      My Client captioned above, is the owner of the mark and name Home Décor Center,com. This expression is proprietary both under Common Law, and is the subject of the U.S Trademark Application No 85524323.

      It has recently come to our attention that when their customers perform a search on Google Search engine under their company's name Home Décor Center.com, your company by the name of HomeDecorators.com appears next to their name, and the users are then directed to that site instead. Please see attached a copy of the search results for Home Décor Center.com.

      This direction of traffic and name confusion on your site is in violation of Trademark and may expose your company to liability under federal and state trademark violation and under California unfair and deceptive business practice. My client will be entitled to the costs of the action under 15 U.S.C Section 1117(a) and under Common Law and 15 U.S.C. Section 1125(a).

      We hope that this use of the domain name, our client's trademark is a misunderstanding and that you immediately cease any further confusion in your advertising of your business.

      If I do not receive written assurances from you within the next 10 days that this issue has been resolved, my client will vigorously pursue any and all legal remedies available, and any and all remedies under federal or state laws.

Very truly yours,

Christopher K Jafari
Attorney at Law

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Home Decorators Collection
C/o Customer Service
8920 Pershall Road
Hazelwood, MO
63042

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Chris Newport
☐ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered         ☑ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7011 0470 0002 9780 1496

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Google
1600 Amphitheatre Parkway
Mountain View, CA
94043

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☑ Agent
☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
MIGUEL TOVAR     1·31·12

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered         ☑ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7010 1670 0002 0630 7992

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

<u>PROOF OF SERVICE AND CERTIFICATION</u>

I am employed in the County of Orange County, State of California. I am over the age of 18 and not a party to the within action; my business address is 1 Park Plaza, Suite 600 Irvine California, 92614

☐

On September 28, 2012 I served the foregoing document(s) described **SECOND AMENDED COMPLAINT** by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Gary L. Bostwick, Esq.
Jean-Paul Jassy, Esq.
Kevin L. Vick, Esq.
Bostwick & Jassy LLP
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025

Daryl M. Crone, Esq.
Joshua P. Gelbart, Esq.
Crone Hawxhurst LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, CA 90024

On the above date:

**X** (BY ☒ ELECTRONIC MAIL) TO Josh Gelbert jgelbart@cronehawxhurst.com, Gary Bostwick gbostwick@bostwickjassy.com, Kevin L. Vick KVick@bostwickjassy.com, Jean-Paul Jassy jpjassy@bostwickjassy.com

**X** (BY ☒ U.S. MAIL/BY ☐ EXPRESS MAIL) The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with Chris Jafari's practice for collection and processing of documents for mailing with the United States Postal Service and that the documents are deposited with the United States Postal Service the same day as the day of collection in the ordinary course of business.

(BY FACSIMILE TRANSMISSION) at _____ a.m./p.m. at Orange County, California, I served the above-referenced document on the above-stated addressee by facsimile transmission pursuant to Rule 2008 of the California Rules of Court. The telephone number of the sending facsimile machine was (949) 852-4453, and the telephone number of the receiving facsimile number was          . A transmission report was properly issued by the sending facsimile machine, and the transmission was reported as complete and without error. Copies of the facsimile transmission cover sheet and the transmission report are attached to this proof of service.

(BY PERSONAL DELIVERY) By causing a true copy of the within document(s) to be personally hand-delivered to the office(s) of the addressee(s) set forth above, on the date set forth above.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (FEDERAL ONLY) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I hereby certify that the above document was printed on recycled paper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2012 at Orange County, California.

Kay Jafari