Daryl M. Crone (Bar No. 209610)
  daryl@cronehawxhurst.com
Joshua P. Gelbart (Bar No. 274021)
  jgelbart@cronehawxhurst.com
CRONE HAWXHURST LLP
10880 Wilshire Blvd., Suite 1150
Los Angeles, California 90024
Telephone:   (310) 893-5150
Facsimile:   (310) 893-5195

Attorneys for Defendant
The Home Depot, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOME DÉCOR CENTER, INC., a California corporation<br><br>PLAINTIFF,<br><br>v.<br><br>GOOGLE, INC., a California corporation; THE HOME DEPOT, INC, a Georgia corporation, AND DOES 1 THROUGH 10, inclusive<br><br>DEFENDANTS. | CASE NO. CV12-05706 GW (SHx)<br><br>**DEFENDANT THE HOME DEPOT, INC.'S ANSWER TO THE SECOND AMENDED COMPLAINT;**<br><br>**DEMAND FOR JURY TRIAL** |

ANSWER

Defendant The Home Depot, Inc. ("Home Depot") hereby answers the Second Amended Complaint ("SAC") filed by Plaintiff Home Décor Center, Inc. ("Plaintiff") as follows:

1. In response to paragraph 1 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

2. In response to paragraph 2 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

3. In response to paragraph 3 of the SAC, Home Depot admits that it is authorized to do business in the State of California. Unless expressly admitted, Home Depot denies each and every allegation contained in paragraph 3.

4. In response to paragraph 4 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

5. In response to paragraph 5 of the SAC, Home Depot states that the allegations contained therein state legal conclusions to which no response is required. However, Home Depot does not challenge this Court's subject matter jurisdiction.

6. In response to paragraph 6 of the SAC, Home Depot states that the allegations contained therein state legal conclusions to which no response is required. However, Home Depot does not challenge this Court's subject matter jurisdiction.

7. In response to paragraph 7 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff has been using the purported "Home Décor

Center" mark since 2007 and, on that basis, denies that allegation. Otherwise, Home Depot denies each and every allegation contained in paragraph 7.

8. In response to paragraph 8 of the SAC, Home Depot admits that Plaintiff owns the domain "homedecorcenter.com." Unless expressly admitted, Home Depot denies each and every allegation contained in paragraph 8.

9. In response to paragraph 9 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

10. In response to paragraph 10 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

11. In response to paragraph 11 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

12. In response to paragraph 12 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

13. In response to paragraph 13 of the SAC, Home Depot admits that Google's AdWords allows advertisers to "purchase" keyword search terms that might be used by individual users of the Google search engine. Unless expressly admitted, Home Depot denies each and every allegation contained in paragraph 13.

14. In response to paragraph 14 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

15. In response to paragraph 15 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

16. In response to paragraph 16 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

17. In response to paragraph 17 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

18. In response to paragraph 18 of the SAC, Home Depot denies each and every allegation contained therein.

19. In response to paragraph 19 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

20. In response to paragraph 20 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.  Home Depot also expressly denies Plaintiff's allegation that it disseminated any "improper and misleading advertisement."

21. In response to paragraph 21 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.  Home Depot also expressly denies Plaintiff's allegation that it disseminated any "improper advertising."

22. In response to paragraph 22 of the SAC, Home Depot admits that it or a corporate affiliate owns the domain "homedecorators.com."  Otherwise, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

23. In response to paragraph 23 of the SAC, Home Depot states that the allegations contained therein state legal conclusions to which no response is

- 3 -

required.  In addition, Home Depot denies that it "worked jointly" with Google on the content of any advertisement.  Otherwise, Home Depot is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 and, on that basis, denies them.

24.     In response to paragraph 24 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

25.     In response to paragraph 25 of the SAC, Home Depot denies each and every allegation contained therein.

26.     In response to paragraph 26 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegation that Google "individually authorizes" certain advertisements, and on that basis denies it.  Otherwise, Home Depot admits the allegations contained in paragraph 26.

27.     In response to paragraph 27 of the SAC, Home Depot denies each and every allegation contained therein.

28.     In response to paragraph 28 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

29.     In response to paragraph 29 of the SAC, Home Depot denies the allegation that Home Decorators Collection "act[ed] on behalf of Defendant Home Depot."  Otherwise, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

30.     In response to paragraph 30 of the SAC, Home Depot admits that Plaintiff's "cease and desist letter" claimed that Plaintiff owns the purported Home Décor Center mark.  Unless expressly admitted, Home Depot denies each and every allegation contained in paragraph 30.

- 4 -

31. In response to paragraph 31 of the SAC, Home Depot denies each and every allegation contained therein.

32. In response to paragraph 32 of the SAC, Home Depot incorporates herein its response to paragraphs 1 through 31 of the SAC as if fully set forth herein.

33. In response to paragraph 33 of the SAC, Home Depot states that the allegations contained therein state legal conclusions to which no response is required. However, Home Depot does not challenge this Court's subject matter jurisdiction.

34. In response to paragraph 34 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

35. In response to paragraph 35 of the SAC, Home Depot admits that Plaintiff owns the domain "homedecorcenter.com." Unless expressly admitted, Home Depot denies each and every allegation contained in paragraph 35.

36. In response to paragraph 36 of the SAC, Home Depot denies the allegation that Plaintiff's "common law trademark is inherently distinctive." Otherwise, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

37. In response to paragraph 37 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

38. In response to paragraph 38 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

39. In response to paragraph 39 of the SAC, Home Depot denies each and every allegation contained therein.

- 5 -

ANSWER

40. In response to paragraph 40 of the SAC, Home Depot denies each and every allegation contained therein.

41. In response to paragraph 41 of the SAC, Home Depot denies each and every allegation contained therein.

42. In response to paragraph 42 of the SAC, Home Depot denies each and every allegation contained therein.

43. In response to paragraph 43 of the SAC, Home Depot denies each and every allegation contained therein.

44. In response to paragraph 44 of the SAC, Home Depot denies each and every allegation contained therein.

45. In response to paragraph 45 of the SAC, Home Depot states that the allegations contained therein state legal conclusions to which no response is required.

46. In response to paragraph 46 of the SAC, Home Depot denies each and every allegation contained therein.

47. In response to paragraph 47 of the SAC, Home Depot denies each and every allegation contained therein.

48. In response to paragraph 48 of the SAC, Home Depot denies each and every allegation contained therein.

49. In response to paragraph 49 of the SAC, Home Depot states that the allegations contained therein state legal conclusions to which no response is required. Otherwise, Home Depot denies each and every allegation contained therein.

50. In response to paragraph 50 of the SAC, Home Depot denies each and every allegation contained therein.

51. In response to paragraph 51 of the SAC, Home Depot denies each and every allegation contained therein.

52. In response to paragraph 52 of the SAC, Home Depot denies each and every allegation contained therein.

53. In response to paragraph 53 of the SAC, Home Depot denies each and every allegation contained therein.

54. In response to paragraph 54 of the SAC, Home Depot denies each and every allegation contained therein.

55. In response to paragraph 55 of the SAC, Home Depot incorporates herein its response to paragraphs 1 through 54 of the SAC as if fully set forth herein.

56. In response to paragraph 56 of the SAC, Home Depot states that the allegations contained therein state legal conclusions to which no response is required.

57. In response to paragraph 57 of the SAC, Home Depot denies each and every allegation contained therein.

58. In response to paragraph 58 of the SAC, Home Depot denies each and every allegation contained therein.

59. In response to paragraph 59 of the SAC, Home Depot denies each and every allegation contained therein.

60. In response to paragraph 60 of the SAC, Home Depot denies each and every allegation contained therein.

61. In response to paragraph 61 of the SAC, Home Depot denies each and every allegation contained therein.

62. In response to paragraph 62 of the SAC, Home Depot incorporates herein its response to paragraphs 1 through 61 of the SAC as if fully set forth herein.

63. In response to paragraph 63 of the SAC, Home Depot states that the allegations contained therein are not alleged against it and, therefore, Home

1  Depot need not respond to them.  On this basis, Home Depot denies each every
2  allegation contained therein.

3      64.   In response to paragraph 64 of the SAC, Home Depot states that
4  the allegations contained therein are not alleged against it and, therefore, Home
5  Depot need not respond to them.  On this basis, Home Depot denies each every
6  allegation contained therein.

7      65.   In response to paragraph 65 of the SAC, Home Depot states that
8  the allegations contained therein are not alleged against it and, therefore, Home
9  Depot need not respond to them.  On this basis, Home Depot denies each every
10 allegation contained therein.

11     66.   In response to paragraph 66 of the SAC, Home Depot states that
12 the allegations contained therein are not alleged against it and, therefore, Home
13 Depot need not respond to them.  On this basis, Home Depot denies each every
14 allegation contained therein.

15     67.   In response to paragraph 67 of the SAC, Home Depot states that
16 the allegations contained therein are not alleged against it and, therefore, Home
17 Depot need not respond to them.  On this basis, Home Depot denies each every
18 allegation contained therein.

19     68.   In response to paragraph 68 of the SAC, Home Depot states that
20 the allegations contained therein are not alleged against it and, therefore, Home
21 Depot need not respond to them.  On this basis, Home Depot denies each every
22 allegation contained therein.

23     69.   In response to paragraph 69 of the SAC, Home Depot states that
24 the allegations contained therein are not alleged against it and, therefore, Home
25 Depot need not respond to them.  On this basis, Home Depot denies each every
26 allegation contained therein.

27     70.   In response to paragraph 70 of the SAC, Home Depot states that
28 the allegations contained therein are not alleged against it and, therefore, Home

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

1 Depot need not respond to them. On this basis, Home Depot denies each every
2 allegation contained therein.

3       71. In response to paragraph 71 of the SAC, Home Depot states that
4 the allegations contained therein are not alleged against it and, therefore, Home
5 Depot need not respond to them. On this basis, Home Depot denies each every
6 allegation contained therein.

7       72. In response to paragraph 72 of the SAC, Home Depot
8 incorporates herein its response to paragraphs 1 through 71 of the SAC as if fully
9 set forth herein

10       73. In response to paragraph 73 of the SAC, Home Depot states that
11 the allegations contained therein are not alleged against it and, therefore, Home
12 Depot need not respond to them. On this basis, Home Depot denies each every
13 allegation contained therein.

14       74. In response to paragraph 74 of the SAC, Home Depot states that
15 the allegations contained therein are not alleged against it and, therefore, Home
16 Depot need not respond to them. On this basis, Home Depot denies each every
17 allegation contained therein.

18       75. In response to paragraph 75 of the SAC, Home Depot states that
19 the allegations contained therein are not alleged against it and, therefore, Home
20 Depot need not respond to them. On this basis, Home Depot denies each every
21 allegation contained therein.

22       76. In response to paragraph 76 of the SAC, Home Depot states that
23 the allegations contained therein are not alleged against it and, therefore, Home
24 Depot need not respond to them. On this basis, Home Depot denies each every
25 allegation contained therein.

26       77. In response to paragraph 77 of the SAC, Home Depot states that
27 the allegations contained therein are not alleged against it and, therefore, Home
28

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

Depot need not respond to them. On this basis, Home Depot denies each every allegation contained therein.

78. In response to paragraph 78 of the SAC, Home Depot states that the allegations contained therein are not alleged against it and, therefore, Home Depot need not respond to them. On this basis, Home Depot denies each every allegation contained therein.

79. In response to paragraph 79 of the SAC, Home Depot states that the allegations contained therein are not alleged against it and, therefore, Home Depot need not respond to them. On this basis, Home Depot denies each every allegation contained therein.

80. In response to paragraph 80 of the SAC, Home Depot incorporates herein its response to paragraphs 1 through 79 of the SAC as if fully set forth herein.

81. In response to paragraph 81 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

82. In response to paragraph 82 of the SAC, Home Depot states that it is presently without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein and, on that basis, denies them.

83. In response to paragraph 83 of the SAC, Home Depot denies each and every allegation contained therein.

84. In response to paragraph 84 of the SAC, Home Depot denies each and every allegation contained therein.

85. In response to paragraph 85 of the SAC, Home Depot denies each and every allegation contained therein.

86. In response to paragraph 86 of the SAC, Home Depot denies each and every allegation contained therein.

87. In response to paragraph 87 of the SAC, Home Depot denies each and every allegation contained therein.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, and without assuming any greater burden of proof than as required by law, Home Depot alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Each of the purported claims set forth in the SAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
(Waiver, Estoppel and Unclean Hands)

Each of the purported claims set forth in the SAC is barred by the doctrines of waiver, estoppel and/or unclean hands.

### THIRD AFFIRMATIVE DEFENSE
(Failure to Mitigate)

With respect to each of the purported claims set forth in the SAC, Plaintiff failed to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

(Ongoing Conduct)

Plaintiff's action is barred in whole or in part because Plaintiff does not sufficiently allege continuing misconduct by Home Depot for purposes of relief under California Business and Professions Code §§ 17200 *et seq.*

### FIFTH AFFIRMATIVE DEFENSE

(Good Faith, Privilege and Justification)

Any and all of the acts or omissions alleged to have been performed by Home Depot, if performed at all, were done in good faith and/or were privileged or justified.

### SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

The purported claims set forth in the SAC are barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

(Fair Use)

The purported claims set forth in the SAC are barred by the doctrine of fair use.

In addition, Home Depot has not completed its investigation and discovery regarding the SAC and the claims asserted by Plaintiff therein.

- 12 -

Accordingly, Home Depot reserves the right to assert such additional affirmative defenses as may be necessary based on such ongoing investigation and discovery.

## **Prayer**

WHEREFORE, Home Depot prays for judgment as follows:

1. That Plaintiff take nothing from Home Depot by reason of its SAC;

2. That the SAC against Home Depot be dismissed with prejudice;

3. That Home Depot be awarded its costs and attorney's fees incurred to defend this suit; and

4. That Home Depot be awarded any other and further relief as the Court may deem just and proper.

DATED:  October 15, 2012      CRONE HAWXHURST LLP

By _____/s/_____
    Daryl M. Crone
    Joshua P. Gelbart
    Attorneys for Defendant
    The Home Depot, Inc.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195

# DEMAND FOR JURY TRIAL

Defendant The Home Depot, Inc. hereby demands trial by jury pursuant to Fed. R. Civ. Proc. § 38(b).

DATED: October 15, 2012        CRONE HAWXHURST LLP


By      /s/
    Daryl M. Crone
    Joshua P. Gelbart
    Attorneys for Defendant
    The Home Depot, Inc.

CRONE HAWXHURST LLP
10880 WILSHIRE BOULEVARD, SUITE 1150
LOS ANGELES, CALIFORNIA 90024
Tel: (310) 893-5150 • Fax: (310) 893-5195