1  LAW OFFICES OF CHRISTOPHER K. JAFARI
   CHRISTOPHER K. JAFARI, ESQ., Bar No. 219971
2      chrisjafari@gmail.com
   Jamboree Business Center
3  1 Park Plaza, Sixth Floor
   Irvine, Ca 92614
4  Telephone:  (949) 852-4454
   Facsimile:  (949) 852-4453
5
6  Attorney for the Plaintiff Home Décor Center

7  BOSTWICK & JASSY LLP
   GARY L. BOSTWICK, Cal. Bar No. 79000
8      gbostwick@bostwickjassy.com
   JEAN-PAUL JASSY, Cal. Bar No. 205513
9      jpjassy@bostwickjassy.com
   KEVIN L. VICK, Cal. Bar No. 220738
10     kvick@bostwickjassy.com
   12400 Wilshire Boulevard, Suite 400
11 Los Angeles, California 90025
   Telephone:  310-979-6059
12 Facsimile:  310-314-8401

13 Attorneys for Defendant
   Google Inc.
14

15 Daryl M. Crone (Bar No. 209610)
     daryl@cronehawxhurst.com
16 Joshua P. Gelbart (Bar No. 274021)
     jgelbart@cronehawxhurst.com
17 CRONE HAWXHURST LLP
   10880 Wilshire Blvd., Suite 1150
18 Los Angeles, California 90024
   Telephone:  (310) 893-5150
19 Facsimile:  (310) 893-5195

20 Attorneys for Defendant
   The Home Depot, Inc.
21
   ///
22
23
24
25
26
27
28

- 1 -

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HOME DECOR CENTER, INC., a California corporation<br><br>PLAINTIFF,<br><br>v.<br><br>GOOGLE, INC., a California corporation; HOME DEPOT, INC, a Georgia corporation, AND DOES 1 THROUGH 10, inclusive<br><br>DEFENDANTS. | CASE NO. CV12-05706 GW (SHx)<br><br>DISCOVERY MATTER<br><br>**STIPULATED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION**<br><br>Judge:       Hon. Stephen J. Hillman<br>Courtroom:   550 |

To expedite the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential discovery material in preparation for and in the conduct of this litigation, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

**I.     INFORMATION SUBJECT TO THIS ORDER**

    **A.     Protected Information Generally**

        1.     All documents, tangible things, physical objects, written discovery responses, testimony, or other information produced by the producing party in this litigation is considered "Discovery Material."  This Order applies not only to Discovery Material produced in this litigation, but also to any information copied or extracted therefrom or otherwise reflecting Protected Information, in any form.  Any Discovery Material containing or including confidential information may be designated as such by the producing party by marking it

"CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" prior to or at the time copies are furnished to the receiving party, and shall be treated in accordance with the terms of this Order. Each of the identified categories of confidential Discovery Material shall be identified collectively in this Order as "Protected Information."

2. All Protected Information not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph I.A.1 or pursuant to another confidentiality designation set forth in this Order, shall be designated by the producing party by informing the receiving party of the designation in writing.

3. Any Discovery Material (including physical objects and tangible things) made available for inspection by counsel for the receiving party prior to producing copies of items selected by the receiving party shall initially be considered, as a whole, to constitute Protected Information (unless otherwise designated at the time of inspection) and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY prior to furnishing copies to the receiving party.

4. Any Protected Information that is obtained by any party from any person pursuant to discovery in this litigation shall be used solely for purposes of this litigation. Should other parties become additional named plaintiffs in this case, whether by joinder, amendment, or class action certification, or any other means procedurally allowed by the Court, Plaintiff Home Decor Center shall be allowed to share Protected Information with any such additional named plaintiffs in this case, subject to and consistent with the terms of this Protective Order, provided that such additional named plaintiffs first sign a copy of this Protective Order. For clarity, Plaintiff Home Decor Center may not share any Protected Information with any prospective additional plaintiffs who the Court has not yet allowed to become

named plaintiffs in this case, or with any additional named plaintiffs who have not signed a copy of this Protective Order.

5.    Nothing in this Order shall limit any producing party's use or disclosure of its own Protected Information.

6.    The following Discovery Material is not Protected Information:

a.    Any Discovery Material that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

b.    Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure; and,

c.    Any Discovery Material that the receiving party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the producing party.

**B.    Protected Information Designated Confidential**

1.    For purposes of this Order, Protected Information designated CONFIDENTIAL shall mean all Discovery Material produced for or disclosed in connection with this action to a receiving party that constitutes confidential or commercially sensitive technical, sales, marketing, personal, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential, whether embodied in documentary, tangible or physical form, or the factual knowledge of persons, and which has been so designated by the producing party.

2.    Protected Information designated CONFIDENTIAL and the contents therein shall be available only to:

- 4 -

a.      Outside litigation counsel of record, including any outside litigation counsel who associates into this case in the future as counsel or co-counsel for any of the parties (provided such additional outside counsel first signs a copy of this Protective Order), and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel;

b.      Up to two in-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing, and supporting personnel employed by the legal department of any party to this litigation; and up to two employees of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action.

c.      Technical advisers and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section III herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A.  The term "technical adviser" shall mean independent outside technical expert witnesses, consulting experts, or technical consultants (i.e., not employees of a party) retained by counsel of record for the parties who are deemed reasonably necessary to assist such counsel in connection with this litigation;

d.      Independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist such counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

proceedings in the actions; (iv) non-technical jury or trial consulting services, including mock jurors provided the mock jurors have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that such persons or entities have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A, and a signed copy has been provided to the producing party.

    e.  Any fact witness during the course of a deposition subject to the provisions of section V herein; and

    f.  The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, profession stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors.

### C.  Information Designated Confidential – Outside Counsel Only

   1.  For purposes of this Order, Protected Information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall mean Protected Information that contains extremely sensitive information, the disclosure of which to another party would create a risk of competitive injury that could not be avoided by less restrictive means.  Protected Information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY includes, but is not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and, (v) commercial

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

2.	Protected Information alternatively designated "CONFIDENTIAL OUTSIDE ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL" or "RESTRICTED CONFIDENTIAL" shall be treated as if designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY.  In determining whether Protected Information should be designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY, each party agrees to use such designation only in good faith.

3.	Protected Information designated CONFIDENTIAL – OUTSIDE COUNSEL ONLY and the contents therein shall be available only to the persons or entities listed in paragraphs I.B.2.a, c, d, e and f, subject to any terms set forth or incorporated therein, and not to any person or entity listed in paragraph I.B.2.b.

## II.	USE OF PROTECTED INFORMATION AT HEARING OR TRIAL

In the event that a party intends to use any Protected Information during any hearing or trial, that party shall provide a minimum of two (2) business days' notice to the producing party.  Subject to challenges under section IV, the parties will not oppose any reasonable request by the producing party that courtroom be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Information.

## III.	DISCLOSURE TO TECHNICAL ADVISERS

### A.	Purpose

Protected Information designated by the producing party and such copies of Protected Information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel.

### B.   No Disclosure Without Protective Order Subscription

No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has signed the form attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph III.C and D, that objection is resolved according to the procedures set forth below.

### C.   Prior Notice of Intent to Disclose Protected Information to a Technical Advisor

A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice of the intended disclosure by email to all counsel of record in the litigation setting forth with particularity the Bates ranges of documents the party intends to disclose, and the producing party shall have five (5) business days after such notice is given to object in writing to the disclosure.  The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser:  the Bates ranges of Protected Information intended to be disclosed, name, address, curriculum vitae, current employer, employment history for the past ten (10) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding five (5) years.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period and resolution of any objection.  No Protected Information other than Bates ranges of information specifically identified in the notice of intended disclosure may be disclosed.  If a party seeks to disclose additional Bates ranges of Protected Information to a technical adviser, the party must provide new notice of the intended disclosure to all counsel of record in the litigation and the producing party shall have the opportunity to object pursuant to the procedures set forth herein.

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

### D.   Objections to Technical Advisors

A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific Bates ranges of documents that are the subject of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld, and its objection must be based on that party's good faith belief that disclosure of its Protected Information to the technical adviser will result in specific business or economic harm to that party.

### E.   Resolution of Objections to Technical Advisors

If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser or withdraw the Bates ranges that are the subject of the objection, that party shall provide notice to the objecting party.  Thereafter, the objecting party shall move the Court for a ruling on its objection consistent with the procedures of Central District of California Local Rule 37, and the objecting party shall serve the letter requesting the meet-and-confer conference pursuant to Local Rule 37-1 within five (5) business days of receiving such notice.  A failure to serve the letter requesting the meet-and-confer conference within the five (5) business day period, absent an agreement of the parties to the contrary or for an extension of such five (5) business day period, shall operate as an approval of disclosure of the identified Bates ranges of Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules, including the deadlines and schedules set forth in the Local Rules for the Central District of California.

### F.   Burden for Objections to Technical Advisors

1.   The objecting party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Protected Information to the technical adviser.  For purposes of this paragraph, "good cause" includes, but is not

limited to, a particularized showing that:  (i) the Protected Information is confidential commercial information, (ii) disclosure of the Protected Information is likely to harm the objecting party's business, or (iii) the challenged technical advisor currently has, previously had, or is reasonably likely in the future to develop, a relationship with a competitor of the producing party that would create a reasonable risk of disclosure, whether intentional or not, of the Protected Information or any part of it to that competitor.

        2.     A party who has not previously objected to disclosure of Protected Information to a technical adviser or whose objection has been resolved with respect to previously produced Protected Information shall not be precluded from raising an objection to a technical adviser at a later time with respect to Protected Information that is produced after the time for objecting to such a technical adviser has expired.  Any such objection shall be handled in accordance with the provisions set forth above in section III.

## IV.   CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

### A.   Use of Reasonable Care and No Waiver

The parties shall use reasonable care when designating Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or any information contained therein.

### B.   Objections to Confidentiality Designations

A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party objects to the designation of Protected Information, such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly

identify the Protected Information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions.  If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of Protected Information shall at all times be and remain on the designating party.

### C.     Treatment of Protected Information During Challenge to a Designation

Unless otherwise resolved by agreement between the parties, until a determination by the Court, the Protected Information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## V.     LIMITATIONS ON THE USE OF PROTECTED INFORMATION

### A.     Restrictions on Use of Protected Information

All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Information.

### B.     Examinations and Court Filings Concerning Protected Information

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

1    1.  A present director, officer, and/or employee of a producing

2 party may be examined and may testify concerning all Protected Information which

3 has been produced by that party and of which the witness has personal knowledge;

4    2.  A former director, officer, agent and/or employee of a

5 producing party may be interviewed, examined and may testify concerning all

6 Protected Information of which he or she has personal knowledge, including any

7 Protected Information that refers to matters of which the witness has personal

8 knowledge, which has been produced by that party and which pertains to the period

9 or periods of his or her employment; and

10    3.  Non-parties may be examined or testify concerning any

11 Protected Information of a producing party, which appears on its face or from other

12 documents or testimony to have been received from or communicated to the non-

13 party as a result of any contact or relationship with the producing party or a

14 representative of the producing party.  Any person other than the witness, his or her

15 attorney(s), or any person qualified to receive Protected Information under this

16 Order shall be excluded from the portion of the examination concerning such

17 Protected Information, unless the producing party consents to persons other than

18 qualified recipients being present at the examination.  If the witness is represented

19 by an attorney who is not qualified under this Order to receive such Protected

20 Information, then prior to the examination, the attorney must provide a signed

21 statement, in the form of Attachment A hereto, that he or she will comply with the

22 terms of this Order and maintain the confidentiality of Protected Information

23 disclosed during the course of the examination.  In the event that such attorney

24 declines to sign such a statement prior to the examination, the parties, by their

25 attorneys, shall jointly seek a protective order from the Court prohibiting the

26 attorney from disclosing Protected Information.

27    4.  Every fact witness shall be informed at the start of a deposition

28 that he or she may be shown documents designated as Protected Information in this

litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation.  Every fact witness shall be shown a copy of this Order.  No fact witness may retain any documents designated as Protected Information.

5.      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings unless the Court orders otherwise.  To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any party preparing a filing with the Court that may contain Protected Information may identify to the producing party or non-party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information.  Upon receipt of such a request to waive confidentiality protections, the producing party or non-party shall respond in good faith within twenty-four (24) hours.

6.      Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released, except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.

7.      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information

designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL
ONLY for use in connection with this litigation, and such working copies,
abstracts, digests and analyses shall be deemed Protected Information under the
terms of this Order.  Further, nothing herein shall restrict a qualified recipient from
converting or translating Protected Information designated CONFIDENTIAL or
CONFIDENTIAL – OUTSIDE COUNSEL ONLY into machine-readable form for
incorporation into a data retrieval system used in connection with this action,
provided that access to that Protected Information, in whatever form stored or
reproduced, shall be limited to qualified recipients.

        8.     Testimony given at deposition may be designated as Protected
Information by outside litigation counsel of record by making a statement orally to
that effect on the record at any time during the deposition.  Within fifteen (15)
business days of receipt of the final certified transcript of any deposition, the
producing party may request that the original and all copies of the deposition
transcript, in whole or in part, be marked CONFIDENTIAL or CONFIDENTIAL –
OUTSIDE COUNSEL ONLY.  Confidential designations shall be made by
notifying all parties in writing of the specific pages and lines of the transcript that
should be treated as Protected Information.  Deposition transcripts shall be treated
by default as CONFIDENTIAL – OUTSIDE COUNSEL ONLY until the
expiration of the time to make a confidentiality designation unless otherwise
agreed to by the parties.  Any portions so designated shall thereafter be treated in
accordance with the terms of this Order.  Objections to confidentiality designations
under this paragraph shall be governed by the procedure set forth in section IV
above.

**C.**    **Unauthorized Disclosure of Protected Information**

    If a receiving party learns that, by inadvertence or otherwise, it has disclosed
Protected Information to any person or in any circumstance not authorized under
this Order, the receiving party must immediately: (i) notify in writing the

producing party of the unauthorized disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the confidentiality agreement attached hereto as Attachment A.  Compliance with this paragraph V.C upon the discovery of an unauthorized disclosure of Protected Information is mandatory and shall not excuse a violation of this Order of exempt a violating party from sanctions pursuant to paragraph V.D below.

### D.    Violations

If any party violates the limitations on the use of Protected Information as described in this section V, the party violating this Order shall be subject to sanctions as ordered by the Court.  In the event motion practice is required to enforce the terms of this Order, the prevailing party on such a motion shall be awarded costs, expenses, and fees, including attorney or other professional fees, incurred in connection with the discovery of the violation and the preparation, filing, and arguing of the motion or any other proceedings resulting from the violation.

## VI.    NON-PARTY USE OF THIS PROTECTIVE ORDER

### A.    Purpose

A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Protective Order.

### B.    Non-Party Access

A non-party's use of this Protective Order to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

## VII.   NO WAIVER OF PRIVILEGE

Nothing in this Protective Order shall require production of Discovery Material that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, common interest doctrine, or other privilege, doctrine, right, or immunity (collectively "Privileged Information").  If Privileged Information is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right or immunity.  Disclosures among defendants' attorneys of work product or other communications relating to issues of common interest shall not effect or be deemed a waiver of any applicable privilege or protection from disclosure.  Any party that inadvertently produces Privileged Information may obtain the return of those materials by promptly notifying the recipient(s) and expressly articulating the basis for the asserted privilege or immunity. The recipient(s) shall gather and return all copies of the inadvertently produced Privileged Information to the producing party, or certify to the producing party that they have been destroyed and/or deleted.  Notwithstanding this provision, outside litigation counsel of record are not required to delete inadvertently produced Privileged Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business, provided such inadvertently produced Privileged Information is not used for any other purpose following counsel's receipt of the producing party's notice that the Privileged Information should not have been produced.  Disputes regarding whether Discovery Material is discoverable shall be resolved in the same manner as disputes regarding whether Discovery Material that has been produced qualifies as Protected Information, subject to the terms of this section VII.

# VIII.  MISCELLANEOUS PROVISIONS

## A.     Waiver

Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

## B.     Inadvertent or Unintentional Production

Inadvertent or unintentional production of documents or things containing Protected Information that are not designated as one of the categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend.  In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.  Compliance with this paragraph VIII.B shall not excuse a violation of this Order or exempt a violating party from sanctions pursuant to paragraph V.D above.

## C.     Conclusion of Litigation

Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either

return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and documents shall remain subject to this Order.  In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.  Notwithstanding this provision, outside litigation counsel of record are not required to delete Protected Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain two (2) copies of all pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY for archival purposes only.  If a party opts to destroy Protected Information designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, the party must provide a Certificate of Destruction to the producing party.

**D.    Subpoenas**

If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with

- 18 -

an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.  Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

### E.      Communications with Testifying Experts

Testifying experts shall not be subject to discovery of any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications between counsel for a party and that party's testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless they relate to the expert's compensation or identify facts, data or assumptions relied upon by the expert in forming any opinions in this litigation and such information is not already disclosed in the expert's report.

### F.      Post-Filing Communications

No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log.  The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

### G.      Modification of Protections

This Order is entered without prejudice to the right of any party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be reached among parties, to extend additional protection, or to reduce or rescind the restrictions of this Order, when convenience or necessity

requires.   Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

## H.     No Agreement Concerning Discoverability

The identification or agreed upon treatment of certain types of Discovery Material does not reflect agreement by the parties that the disclosure of such categories of Discovery Material is required or appropriate in this action.  The parties reserve the right to argue that any particular category of Discovery Material should not be produced.

## I.     No Limitation on Legal Representation

Nothing in this Protective Order shall preclude or impede outside litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

## J.     Agreement Upon Execution

Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

## K.     Section Headings

The section headings used in this Order shall be intended for convenience only and shall not be deemed to supersede or modify any provisions.

## L.     Interpretation, Enforcement and Continuing Jurisdiction

The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

1   Order shall continue to be binding except with respect to that Discovery Material
2   that become a matter of public record.  This Court retains and shall have continuing
3   jurisdiction over the parties and recipients of the Protected Information for
4   enforcement of the provision of this Agreed Protective Order following termination
5   of this litigation.  All disputes concerning Protected
6   / / /

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Central District of California.

Dated:_____, 2012    LAW OFFICES OF CHRISTOPHER K. JAFARI

     By: _____

        CHRISTOPHER K. JAFARI
Attorneys for Plaintiff Home Decor Center, Inc.

Dated:_____, 2012    BOSTWICK & JASSY LLP

By: _____

        GARY L. BOSTWICK
        KEVIN L. VICK
Attorneys for Defendant Google Inc.

Dated:_____, 2012    CRONE HAWXHURST LLP

By: _____

        DARYL M. CRONE
        JOSHUA P. GELBART
Attorneys for Defendant The Home Depot, Inc.

Dated: _____, _____

By: _____

_____

_____

_____

(Intentionally Left Blank for any Future Signatories)

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

SIGNED this 22nd  day of October, 2012.

_____
HON. STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION

## **ATTACHMENT A** TO THE AGREED PROTECTIVE ORDER
## FOR THE TREATMENT OF CONFIDENTIAL INFORMATION

## CONFIDENTIALITY AGREEMENT

1. My name is _____.

2. I reside at _____

_____.

3. My present employer is _____

_____.

4. My present occupation or job description is _____

_____.

5. I have been engaged as _____

on behalf of _____ in the

preparation and conduct of litigation styled Home *Decor Center, Inc. v. Google,*

*Inc. et al.*, Case No. CV12-05706 GW (SHx) in the Central District of California.

6. I have received a copy of the Agreed Protective Order dated

_____ 20__, and I have carefully read and understand

its provisions.  I agree to comply with and be bound by all the provisions of said

Order.  I understand that I am to retain all copies of any documents designated as

CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL ONLY, or any

similar designation, in a secure manner and in accordance with the terms of said

Order, and that all copies are to remain in my personal custody until I have

completed my assigned duties, whereupon the copies and any writings prepared by

me containing any information containing any Protected Information or documents

designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSEL

ONLY, or any similar designation, are to be returned to counsel who provided me

with such material.

7.     I will not divulge Protected Information to persons other than those specifically authorized by said Order, and I will not copy or use except solely for the purpose of this action, any Protected Information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

8.     In accordance with paragraph III.C of the Order (if applicable), I have attached to this Confidentiality Agreement my curriculum vitae and any other required information sufficient to identify my current employer and employment history for the past ten (10) years, and a listing of cases in which I have testified as an expert at trial or by deposition within the preceding five (5) years.

9.     The Bates ranges of the Protected Information to be disclosed to me have been identified to the producing party.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

By: _____

Executed on _____, 20___.

PROTECTIVE ORDER RE:  CONFIDENTIAL INFORMATION